UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO.: 1:23-CV-02603-GPG-STV

FUSION BPO SERVICES LTD.,

        Plaintiff,

    v.

HOMEADVISOR, INC.; ANGI, INC..; and CRAFTJACK, INC.,

        Defendants.

---

## DEFENDANTS' ANSWER AND JURY DEMAND

---

Defendants HomeAdvisor, Inc. ("HomeAdvisor"), Angi, Inc. ("Angi"), and CraftJack, Inc. ("CraftJack") (collectively "Defendants") hereby submit their Answer to Plaintiff Fusion BPO Services, Ltd.'s ("Fusion" or "Plaintiff") Complaint.

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

All of the allegations, averments, statements or assertions made in Plaintiff's Complaint not expressly admitted herein are denied. Headings used by Plaintiff in its Complaint are restated herein for ease of reference, but no admission is made thereby. Defendants' numbered responses set forth below correspond with the paragraph numbers used in Plaintiff's Complaint.

### PARTIES, JURISDICTION, AND VENUE

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint and, therefore, deny the same.

2. Admitted

3. Admitted.

4.    Admitted.

5.    Defendants admit that this Court has subject matter jurisdiction over the matter.

6.    Defendants admit that this Court has personal jurisdiction over Defendants.

7.    Defendants admit that venue is appropriate in this Court.

**BACKGROUND**

8.    Defendants state that the Master Services Agreement ("MSA") speaks for itself; however, to the extent Plaintiff's allegation seeks to imply that Defendants breached the MSA or are otherwise liable to Plaintiff, Defendants expressly deny any such allegations. Defendants admit the remaining allegations in Paragraph 8.

9.    It is Defendants' understanding that the allegations in Paragraph 9 refer to the MSA despite stating "PSA." In response to the allegations in Paragraph 9, Defendants state that the MSA speaks for itself; however, to the extent Plaintiff's allegation seeks to imply that Defendants breached the MSA or are otherwise liable to Plaintiff, Defendants expressly deny any such allegations.

10.    In response to the allegations in Paragraph 10, Defendants state that the MSA speaks for itself; however, to the extent Plaintiff's allegation seeks to imply that Defendants breached the MSA or are otherwise liable to Plaintiff, Defendants expressly deny any such allegations.

11.    In response to the allegations in Paragraph 11, Defendants state that the MSA speaks for itself; however, to the extent Plaintiff's allegation seeks to imply that Defendants breached the MSA or are otherwise liable to Plaintiff, Defendants expressly deny any such allegations.

12.    In response to the allegations in Paragraph 12, Defendants state that the MSA speaks for itself; however, to the extent Plaintiff's allegation seeks to imply that Defendants breached the MSA or are otherwise liable to Plaintiff, Defendants expressly deny any such allegations.

13.     In response to the allegations in Paragraph 13, Defendants state that Exhibits 2 through 17 speak for themselves. Defendants admit the remaining allegations in Paragraph 13.

14.     Admitted.

15.     In response to the allegations in Paragraph 15, Defendants state that the Third Amendment speaks for itself; however, to the extent Plaintiff's allegation seeks to imply that Defendants breached the Third Amendment or are otherwise liable to Plaintiff, Defendants expressly deny any such allegations.

16.     The allegations in Paragraph 16 consist of only legal conclusions to which no response is required.

17.     In response to the allegations in Paragraph 17, Defendants state that Exhibit 16 speaks for itself. Defendants deny the remaining allegations in Paragraph 17.

18.     Denied.

19.     The allegations in Paragraph 19 consist of only legal conclusions to which no response is required.

20.     In response to the allegations in Paragraph 20, Defendants state that Exhibit 17 speaks for itself.

21.     In response to the allegations in Paragraph 21, Defendants state that Exhibit 17 speaks for itself.

22.     The allegations in Paragraph 22 are vague and subjective due to Plaintiff's use of the terms "regularly," "appropriate," "typically," and "timely." Defendants admit that they received invoices from Fusion after inception of the MSA and that they remitted payment for invoices to Fusion. Defendants deny any remaining allegations as stated.

23.     Denied.

24.     In response to the allegations in Paragraph 24, Angi admits that it received invoices from Fusion between April 24, 2023, and September 15, 2023. Defendants deny the remaining allegations in Paragraph 24.

25.     In response to the allegations in Paragraph 25, Angi admits that it has informed Fusion that all the amounts billed to Defendants with respect to all invoices on and after February 2023 are disputed. Defendants deny any remaining allegations in Paragraph 25.

26.     In response to the allegations in Paragraph 26, CraftJack admits that it received invoices from Fusion between April 30, 2023, and September 15, 2023. Defendants deny the remaining allegations in Paragraph 26.

27.     In response to the allegations in Paragraph 27, CraftJack admits that it has informed Fusion that all the amounts billed to Defendants with respect to all invoices on and after February 2023 are disputed. Defendants deny any remaining allegations in Paragraph 27.

28.     Denied.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint and, therefore, deny the same.

30.     Paragraph 30 contains only legal conclusions to which no response is required.

31.     Denied.

32.     In response to the allegations in Paragraph 32, Defendants state that at least as early as May 23, 2023, Angi informed Fusion that all the amounts billed to Defendants with respect to all invoices in and after February 2023 were in dispute. Further, beginning in May 2023, Defendants informed Fusion that they were analyzing the viability of continued business dealings between Fusion and Defendants.  Defendants deny any remaining allegations in Paragraph 32.

- 4 -

33.    Denied.

34.    Denied.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract against all Defendants)

35.    Defendants incorporate their responses to Plaintiff's allegations set forth in the

foregoing paragraphs as if fully set forth herein.

36.    Paragraph 36 of the Complaint states only legal conclusions to which no response is

required.

37.    In response to the allegations in Paragraph 37, Defendants admit that they received

invoices from Fusion. Defendants further state that they informed Fusion that all the amounts billed

to Defendants with respect to all invoices on and after February 2023 are disputed. Defendants deny

any remaining allegations in Paragraph 37.

38.    Denied.

39.    Denied.

40.    Denied.

## SECOND CLAIM FOR RELIEF
### (Account Stated against all Defendants)

41.    Defendants incorporate their responses to Plaintiff's allegations set forth in the

foregoing paragraphs as if fully set forth herein.

42.    Denied.

43.    Denied.

44.    Denied.

- 5 -

## THIRD CLAIM FOR RELIEF
### (Quantum Meruit against all Defendants – in the alternative)

45.    Defendants incorporate their responses to Plaintiff's allegations set forth in the

foregoing paragraphs as if fully set forth herein.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

## FOURTH CLAIM FOR RELIEF
### (Breach of the Implied Covenant of Good Faith and Fair Dealing against all Defendants)

51.    Defendants incorporate their responses to Plaintiff's allegations set forth in the

foregoing paragraphs as if fully set forth herein.

52.    Paragraph 52 of the Complaint states only legal conclusions to which no response is

required.

53.    Denied.

54.    Denied.

## DEFENDANTS' JURY DEMAND

Defendants demand trial by jury on all issues so triable.

## DEFENDANTS' AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

### FIRST SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims against Defendants are barred by the written contracts between Plaintiff

and Defendants.

- 6 -

## SECOND SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims against Defendants are barred in whole or in part because any damages allegedly suffered by Plaintiff were caused by non-parties (agents of Fusion).

## THIRD SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims against Defendants are barred in whole or in part because Plaintiff has not suffered any compensable damage and/or because Plaintiff's own actions contributed to and/or caused any damages Plaintiff alleges to have suffered.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims against Defendants are barred in whole or in part by Plaintiff's failure to reasonably and properly mitigate its alleged damages, if any.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims against Defendants are barred by the economic loss doctrine.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims against Defendants are barred under the doctrines of ratification, acquiescence, waiver, estoppel and/or unclean hands.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims against Defendants are barred due to the misconduct and/or breach of contract committed by its agents.

Defendants reserve the right to assert any and all additional defenses, affirmative defenses and counterclaims which may be determined to be applicable through the course of discovery. Defendants do not consent to the trial by jury of any issue not required by law to be tried to a jury, including but not limited to any determination of equitable remedies.

Dated: January 5, 2024

Respectfully submitted,

BAKER & HOSTETLER LLP

By:    */s/ Laurin D. Quiat*
        Laurin D. Quiat
        lquiat@bakerlaw.com
        Sammantha J. Tillotson
        stillotson@bakerlaw.com
        1801 California Street, Suite 4400
        Denver, CO  80202-2662
        Telephone: 303.861.0600
        Facsimile:   303.861.7805

*Attorneys for HomeAdvisor, Inc., Angi, Inc.., CraftJack, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on January 5, 2024, a true and correct copy of the foregoing was

electronically filed with the Clerk of Court using the CM/ECF system, which will send notification

of such filing to the following:

Jacob F. Hollars
SPENCER FANE LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
jhollars@spencerfane.com

Josh Dickinson
SPENCER FANE LLP
13815 FNB Parkway, Suite 200
Omaha, NE 68154
jdickinson@spencerfane.com

/s/ Laurin D. Quiat
Laurin D. Quiat