**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-02603-STV

Fusion BPO Services Ltd.,

Plaintiff,

v.

HomeAdvisor, Inc.; Angi Inc.; and CraftJack Inc.,

Defendants.

---

**SECOND STIPULATED MOTION TO EXTEND DEADLINE FOR RESPONSES TO
MOTIONS TO COMPEL AND FOR PLAINTIFF TO RESPOND TO DEFENDANTS'
COUNTERCLAIMS**

---

Plaintiff Fusion BPO Services Ltd. ("Fusion"), through undersigned counsel, and Defendants HomeAdvisor, Inc. ("HomeAdvisor"), Angi Inc. ("Angi"), and CraftJack Inc. ("CraftJack") (collectively, the "Defendants" and all together the "Parties") submit the following Second Stipulated Motion to Extend Deadline for Responses to Motions to Compel and for Plaintiff to Respond to Defendants' Counterclaims.   Non-Parties Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"), Resolution Economics, LLC ("ResEcon"), Faegre Drinker Biddle & Reath, LLP ("Faegre"), and Ernst & Young (the "Non-Parties") consent to this Motion insofar as it seeks to extend the deadlines related to Plaintiff's Motions Compel [Dkts. 37, 40. 41, 43].[1]

---

[1] By consenting to this Motion, the Non-Parties do not waive any rights, objections, or arguments that may be raised in their respective responses to Plaintiff's Motions to Compel, including, without limitation, objections concerning lack of, or improper, service of the motions and/or subpoenas.

**CERTIFICATE OF CONFERRAL:** Undersigned counsel have conferred and jointly seek the relief requested in this Motion. Undersigned counsel have also conferred with counsel for all Non-Parties, who have consented to the Motion insofar as it seeks to extend the deadlines related to Plaintiff's Motions Compel [Dkts. 37, 40, 41, 43].

1.      The Court may extend any deadline for good cause, so long as a request for extension is made before the existing deadline expires. *See* Fed. R. Civ. P. 6(b)(1)(A). "Demonstrating good cause under the rule 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *Strope v. Collins*, 315 Fed. App'x 57, 61 (10th Cir 2009) (quoting *Moothard v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

2.      On July 18, 2025, Defendants filed their Counterclaims.

3.      On July 18 and 21, 2025, Plaintiff filed four Motions to Compel against non-parties. On July 22, 2025, the Court entered a Minute Order [Dkt. 46], *sua sponte* extending the discovery deadline to October 16, 2025, and the dispositive motions deadline to November 17, 2025. Further, the Court set a briefing scheduling for the Motions to Compel with responses due August 12, 2025, replies due August 26, 2025, and a hearing to be held on September 16, 2025.

4.      At the parties' request, the Court extended the deadline for responses to August 26, 2025.

5.      Since the Motions to Compel were filed, the parties have been engaged in extensive conferrals regarding party discovery that may significantly limit or moot, at least in part, the need for Non-Party Motions to Compel.

6.      Defendants provided Plaintiff a significant supplemental production on August 15, 2025, and a privilege log on August 19, 2025.

7.      Plaintiff and its counsel are still in the process of reviewing that supplemental production and privilege log to determine whether they have, as expected, limited or mooted, at least in part, the need for Non-Party Motions to Compel. Plaintiff expects to complete that review early next week.

8.      To allow for Plaintiff to complete that review, the parties request that the Court extend the briefing schedule it has set, as previously extended:

- Responses to the Motions to Compel (Including any Opposition by Defendants): September 9, 2025;

- Replies in Support of the Motions to Compel: September 14, 2025

9.      The parties are not filing this Motion for the purpose of delay and no party will be prejudiced by the extended deadlines.

10.     Indeed, extending these deadlines will conserve party, Non-Party, and judicial resources and allow for efficient exploration as to potential resolution of the Motions to Compel.

WHEREFORE Fusion, Defendants request this Court grant this Motion and reset the following deadlines:

- Responses to the Motions to Compel (Including any Opposition by Defendants): September 9, 2025;

- Replies in Support of the Motions to Compel: September 14, 2025

Respectfully submitted this on August 25, 2025.

STIPULATED AND AGREED TO:

Dated:  August 25, 2025                              BAKER & HOSTETLER LLP


By:     */s/ Sammantha J. Tillotson*
        Laurin D. Quiat
        lquiat@bakerlaw.com
        Sammantha J. Tillotson
        stillotson@bakerlaw.com
        1801 California Street,Suite 4400
        Denver, CO  80202-2662
        Telephone: 303.861.0600
        Facsimile:  303.861.7805

        *Attorneys for Defendants*


Dated:  August 25, 2025                              SPENCER FANE LLP


By:     */s/ Jacob F. Hollars*
        Jacob F. Hollars
        SPENCER FANE LLP
        1700 Lincoln Street, Suite 2000
        Denver, CO 80203
        jhollars@spencerfane.com

        Josh Dickinson
        SPENCER FANE LLP
        13815 FNB Parkway, Suite 200
        Omaha, NE 68154
        jdickinson@spencerfane.com

        *Attorneys for Plaintiff*